# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2013

No. 12-51181
Summary Calendar

Lyle W. Cayce
Clerk

ALAN BAXTER,

Plaintiff-Appellant,

v.

PNC BANK NATIONAL ASSOCIATION, D/B/A PNC MORTGAGE, formerly known as, NATIONAL CITY MORTGAGE,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-462

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.
PER CURIAM:[*]

In this foreclosure action, Alan Baxter ("Baxter") appeals the district court's granting PNC Bank National Association's ("PNC") motion to dismiss. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51181

## FACTS AND PROCEEDINGS

On June 15, 2003, Baxter purchased a residential property located on Vintage Drive in  Round Rock, Texas.  To fund the purchase, Baxter obtained a loan, which he secured with a promissory note ("Note") in favor of National City Mortgage Company ("National") for the amount of $322,000.  Additionally, Baxter executed a Deed of Trust, granting National a security interest in the property.  PNC ultimately acquired National's rights under the Note and Deed of Trust.

The Deed of Trust authorized PNC to acquire "force-placed insurance"[1] to insure Baxter's property, and its security interest, should Baxter fail to maintain insurance coverage on the property.  The Deed of Trust provided in pertinent part: "If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. . . . Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained."  In 2010, Baxter's insurance policy, insuring the property for $632,000, lapsed due to nonpayment.  PNC subsequently acquired a policy, insuring the property for $641,480. Baxter later defaulted on the Note.  PNC then exercised its right to accelerate the maturity of the Note, and when Baxter did not pay the outstanding balance owed, scheduled a foreclosure sale of the property.  In an attempt to prevent the foreclosure, Baxter filed suit in Texas state court.  PNC removed to the federal district court on grounds of diversity jurisdiction.

---

[1] Force-placed insurance is the insurance that a lien holder places on a property to provide coverage in the event the borrower allows the coverage to lapse or when the borrower's coverage actually lapses.  It ensures that the property remains insured, protecting both the property owner and the lien holder.  Costs of the insurance are typically paid up-front by the lien holder, but then added to the balance of the lien.

No. 12-51181

The district court dismissed Baxter's original breach of contract complaint against PNC, based on allegations of breach of the duty of good faith and fair dealing, for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Baxter then filed an amended complaint stating a claim for "restitution – unjust enrichment – constructive trust." PNC filed another motion to dismiss, which the district court granted, dismissing Baxter's claims with prejudice. *See* Fed. R. Civ. P. 12(b)(6). On appeal, Baxter alleges that the district court erred by ruling against his claims for restitution, unjust enrichment, and the imposition of a constructive trust under Texas law. Further, for the first time on appeal, he asserts claims under the Real Estate Settlement Procedure Act ("RESPA"). *See* 12 U.S.C. § 2605(m) (2012).

## DISCUSSION

We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (citing *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010)). We accept all well-pleaded facts as true and view the facts in the light most favorable to the nonmovant. *Id.* (citing *Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009). "Dismissal is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise his right to relief above the speculative level." *Id.* (citing *Wampler,* 597 F.3d at 744).

### A.    *Restitution and Unjust Enrichment*

Claims for restitution and unjust enrichment sound in quasi-contract or contract implied in law.[2] There can be no recovery based on these theories when

---

[2] Texas courts have not recognized a claim for unjust enrichment as an independent cause of action, but have recognized that a lawsuit for restitution or a lawsuit seeking the imposition of a constructive trust may be raised on the theory of unjust enrichment. *Mowbray v. Avery*, 76 S.W.3d 663, 679–80 (Tex. App.— Corpus Christi 2002, pet. denied) (citation omitted).

the same subject matter is covered by an express contract. *Fortune Prod. Co. v. Conoco Inc.*, 52 S.W.3d 671, 684 (Tex. 2000).[3] The Deed of Trust provided for PNC's obtainment of insurance on the property in the event of Baxter's default. The Deed warned Baxter about the potential high costs of force-placed insurance, explicitly providing that the "cost of the [forced-placed] insurance might *significantly exceed* the cost of insurance that [Baxter] could have obtained." (emphasis added). Baxter does not dispute that he failed to maintain insurance coverage as required by the Deed of Trust nor that he later defaulted on his mortgage. Baxter fails to allege any plausible facts showing that PNC was unjustly enriched through PNC's obtainment of this insurance and when it accelerated the terms of the Note. PNC acted in accordance with its contractual rights under the Deed of Trust. Baxter's restitution and unjust enrichment claims based on "grossly usurious and extortionate level" premiums fail to state a claim upon which relief can be granted.

　　B.　　*Constructive Trust*

　　A constructive trust is an equitable remedy used to prevent unjust enrichment. *Everett v. TK-Taito, LLC*, 178 S.W.3d 844, 859 (Tex. App.—Fort Worth 2005, no pet.). In order to establish a constructive trust, the proponent must prove: (1) breach of a special trust, fiduciary relationship, or actual fraud; (2) unjust enrichment of the wrongdoer; and, (3) tracing to an identifiable res. *Id.* (citation omitted). The proponent must strictly prove the elements necessary for the imposition of the trust. *Id.* (citation omitted). Unjust enrichment occurs when one person obtains a benefit from another by "fraud, duress, or taking an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citations omitted). Unjust enrichment is not a proper remedy

---

　　　[3] This does not foreclose such a claim if there were overpayments on a stated contract amount. *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469–70 (Tex. 1998) (holding that a claim for restitution based on a theory of unjust enrichment was invalid absent any overcharges on the contract).

No. 12-51181

"merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amounted to a windfall." *Id.* at 40.

The majority of Baxter's allegations center around the existence of a "special trust, fiduciary relationship, or actual fraud" in this case. However, even if Baxter could prove the first prong of the constructive trust test, which we do not hold herein, he nevertheless has failed to carry his burden with respect to the second prong. As we held supra in Section A, there has been no unjust enrichment to PNC. Accordingly, we hold that Baxter's equitable claim seeking imposition of a constructive trust also fails to state a claim upon which relief can be granted.

C.    *Violation of RESPA § 2605(m)*

For the first time on appeal, Baxter alleges that Congress, through the enactment of 12 U.S.C. § 2605(m), required that any force-placed insurance be both "bona fide and reasonable." As a "general principle of appellate review," failure to raise an argument before the district court waives that argument on appeal, unless the issue is a purely legal one and the asserted error is so obvious that the failure to consider it would result in a miscarriage of justice. *Conley v. Bd. of Trustees of Grenada Cnty. Hosp.*, 707 F.2d 175, 178 (5th Cir. 1983)(citation omitted); *see also XL Specialty Ins. Co. v. Kiewit Offshore Serv. Ltd*, 513 F.3d 146, 153 (5th Cir. 2008) (citing *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 358 n. 19 (5th Cir. 2000) ("An argument not raised before the district court cannot be asserted for the first time on appeal."). Our review of the record indicates no such plain error here. Consequently, we decline to consider Baxter's arguments pertaining to PNC's alleged violations of RESPA § 2605(m).

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

5